## Dunlop v. Kahler

*V. J. Dalton*, for plaintiff.
*L. E. Enterline*, for defendant.

HOUCK, P. J., April 24, 1939.—The writ issued on February 10, 1939, and was served on February 24, 1939. Plaintiff's statement of claim was served on defendant on March 3, 1939, but the statement of claim was not filed until March 14, 1939. On March 13, 1939, defendant moved to strike off the statement of claim on the grounds: (1) That it is not sworn to as prescribed by the Practice Act of May 14, 1915, P. L. 483; and (2) that the copy of the statement served on defendant does not show that the statement was filed in the office of the prothonotary prior to service.

The verification of the statement of claim is "Walter M. Dunlap, being duly affirmed according to law, deposes and says that the facts set forth in the foregoing statement of claim are true and correct." The objection is

that section 9 of the Practice Act of 1915, supra, provides that the statement "shall be sworn to by the plaintiff" and that this language does not permit plaintiff to affirm. We do not so construe the statute. Otherwise, plaintiffs with conscientious scruples against taking an oath would be unable to verify their statements of claim. Besides this, there is a statutory authority for an affirmation instead of an oath. The Act of April 23, 1909, P. L. 140, defines "judicial proceedings" as including all proceedings of whatever nature relating to practice in or authorized by any court and provides in section 4: "Hereafter the affirmation may be administered in any judicial proceeding instead of the oath, and shall have the same effect and consequences, and any witness who desires to affirm shall be permitted to do so." The first reason in support of the motion to strike off is without merit.

It appears from the record that a copy of the statement of claim was served on defendant before the original was filed in the office of the prothonotary. A statement of claim lacks validity until it is filed. While the Practice Act of 1915 does not specifically provide for the filing of the statement of claim, it is too plain for argument that the statement must be filed. This identical question was decided by this court, construing the Act of May 25, 1887, P. L. 271, in Medler v. Wadlinger et al., 12 Pa. C. C. 473, 474, the court saying:

"The defendants say that the statement (or copy) bears no evidence of its having been filed in the court of common pleas. This is an important matter, for if the plaintiff served a statement or copy of a statement, which has never been filed of record, the defendants are not required to take any notice thereof. Until the plaintiff files it of record it is not his statement within the third and fourth sections of the Act of 1887, P. L. 271 and 272, and it is only a copy of such statement, to wit: one filed of record that he may serve on the defendants." See also Philadelphia Cloak & Suit Co. v. Wilkinson, 9 Dist. R. 40.

While it appears, therefore, that defendant was not required to take any notice of the statement of claim which was served before it was filed, it does not follow that the statement of claim may be stricken off. The statement is regular on its face and shows that it has been filed. Defendant's attack, if he desired to take any notice of the statement at all, should have been upon the service. However, plaintiff is in the position of being unable to take any further step in the case until he has made valid service of the statement of claim. We suggest, therefore, that the plaintiff now serve a true and correct copy of the statement of claim on defendant.

For the reasons stated, the motion to strike off the statement of claim must be overruled.